## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JEFFERY L. WRIGHT, Inmate #N26090,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| vs. ) | **CIVIL NO. 06-014-DRH** |
| ) | |
| **STEVEN C. BRYANT and THE** ) | |
| **ATTORNEY GENERAL OF ILLINOIS,** ) | |
| ) | |
| **Respondent.** ) | |

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Petitioner, an inmate in the Graham Correctional Center, brings this habeas corpus action pursuant to 28 U.S.C. § 2254. He also seeks leave to proceed *in forma pauperis* (Doc. 2).

This case is now before the Court for a preliminary review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts. Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases. After carefully reviewing the petition in the present case, the Court concludes that petitioner is not entitled to relief and the petition must be dismissed.

As listed in the petition, Petitioner was convicted in Illinois state court in 1983 of murder and armed robbery. He was sentenced to 80 years imprisonment. His sentence was affirmed by the Illinois Court of Appeals and the Illinois Supreme Court. Post-conviction relief was denied in state court in 1985 or 1986. Petitioner sought and was denied habeas corpus relief in this Court in 1990

and 1995. *See Wright v. Greer*, Case No. 3:90-cv-3085-GBC (S.D. Ill., filed February 12, 1990), *aff'd*, 27 F.3d 570, 1994 WL 323265 (7th Cir. 1994); *Wright v. Page*, Case No. 3:95-cv-384-PER (S.D. Ill., filed May 8, 1995).

In the instant action, Petitioner now seeks release, arguing that his sentence should be invalidated based on the rule set out in *Apprendi v. New Jersey*, 530 U.S. 466 (2000).

The Antiterrorism and Effective Death Penalty Act (AEDPA) was signed into law on April 24, 1996. Part of the Act amends 28 U.S.C. § 2244 as it applies to second or successive habeas corpus applications filed pursuant to 28 U.S.C. § 2254; those amendments are relevant to the instant petition before the Court.

> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--
>   (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>   (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>     (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
>
> (3)   (A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.
>   (B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.
>   (C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.
>   (D) The court of appeals shall grant or deny the authorization to file

> a second or successive application not later than 30 days after the filing of the motion.
> (E) The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.
>
> (4) A district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section.

28 U.S.C. § 2244. Based on these standards, this action is barred as a second or successive petition without authorization from the Court of Appeals.

To the extent that Petitioner is attempting to argue that *Apprendi* set out a new rule of constitutional law made retroactive to cases on collateral review (*see* 28 U.S.C. § 2244(b)(2)(A)), that argument is foreclosed by *Curtis v. United States*, 294 F.3d 841, 844 (7th Cir. 2002) (Apprendi not retroactive to sentences that became final prior to Apprendi's release on June 26, 2000). Therefore, Petitioner's *Apprendi* claim is unavailing.[1]

In conclusion, the petition for writ of habeas corpus does not survive review under Rule 4. Accordingly, the petition is **DENIED**, and this action is **DISMISSED** with prejudice.

**IT IS SO ORDERED.**

**DATED:** January 18, 2006.

/s/   David RHerndon
**DISTRICT JUDGE**

---

[1] This finding is undisturbed by the Supreme Court's ruling in *United States v. Booker*, 543 U.S. 220 (2005), as *Booker* applies to "cases on direct review." *Id.* Furthermore, the Seventh Circuit has held that *Booker* does not apply retroactively to convictions that were final prior to the *Booker* decision. *McReynolds v. United States*, 397 F.3d 479, 481 (7th Cir. 2005).